WILLIAM SLOANE AND OTHERS, RESPONDENTS, *v.* EDWARD LIVERMORE, APPELLANT.

*Arrest—complaint—when defective—Code of Civil Procedure, §§ 549–550, 558— construction of.*

Under § 558 of the Code of Civil Procedure, relating to the issuing of orders of arrest, and providing that " at any time after the filing or service of the complaint, the order of arrest must be vacated on motion, if the complaint shows that the cause is not one of those mentioned in §§ 549 or 550 of this act," it is not necessary to state in the complaint the facts relied upon to justify the arrest, it is sufficient if they be shown by affidavits.

The order can only be vacated under such section when it affirmatively appears by the complaint that the cause of action is such, that in no event could the defendant be arrested under the said §§ 549 or 550.

The complaint in this action was to recover the value of work, labor and services rendered to the defendant by the plaintiff. Upon the complaint, summons, and affidavits showing a fraudulent disposition of property by the defendant, an order of arrest was granted. *Held,* that a motion, made under said § 558, to vacate the said order was properly denied.

APPEAL from an order of the Special Term, refusing to vacate an order of arrest.

*D. N. Rowan,* for the appellant.

*Edmund Coffin, Jr.,* for the respondents.

INGALLS, J.:

The complaint in the above action contains a cause of action for goods, wares and merchandise sold and delivered by plaintiff to defendant; and for work, labor and services performed by plaintiff for defendant; with the demand for judgment in favor of plaintiff of two thousand six hundred and eighty-nine dollars and seventy-eight cents. Upon such complaint, a summons, and sundry affidavits showing a fraudulent disposition of property by the defendant, the plaintiff obtained an order of arrest which, upon motion, the Special Term refused to vacate; and the defendant appeals to this court. The appellant insists that as the complaint does not state a cause of action which unsupported by affidavits, would justify an arrest, the order was improperly granted, and should have been vacated by the Special Term. The decision of

this appeal involves a construction of section 558 of the Code of Civil Procedure, which is as follows: " subject to the provisions of the last preceding article, the order may be granted at any time after the commencement of the action. It may also be granted to accompany the summons. But at any time after the filing or service of the complaint, the order of arrest must be vacated on motion, if the complaint shows that the cause is not one of those mentioned in section 549 or 550 of this act." To justify vacating the order of arrest under this provision of the Code, the complaint must show that the case is not one of those mentioned in section 549 or 550. The second subdivision of the last mentioned section states as follows: " In an action upon contract express or implied, other than a promise to marry." This portion of said subdivision specifies one of a class of actions in which an arrest may be made. The cause of action to be within such subdivision, must be upon contract, not fraud, the latter is especially mentioned as ground of arrest in section 549. And it should not be inferred that a repetition was intended. A cause of action is clearly distinguishable from a cause or ground of arrest. A complete cause of action is stated in this complaint, but not a case which would justify an arrest. The facts upon which an order of arrest is granted, may not exist when the contract is made, nor even when the action is commenced. The language of the statute is, " or has since the making of the contract, or in contemplation of making the same removed or disposed of his property, with intent to defraud his creditors, etc." We cannot reasonably infer that it was intended by this provision to compel the pleader to mingle two distinct causes of action in the complaint, one upon contract, and the other for fraud, in order to justify an arrest. Section 557 provides for granting an order of arrest upon affidavits, which shows that it was not the intention to rely exclusively upon a complaint, in order to enable the defendant by answer to frame an issue, and thereby determine the right to arrest.

The said second subdivision after specifying the nature of the action, viz., contract, proceeds to define the grounds which would justify an arrest in such action, namely, fraud in contracting the debt, or a disposition of property with intent to defraud creditors, etc.

It is not expressly stated, that the facts relied on to cause the arrest must be alleged in a complaint, and we are disinclined to infer that so important and radical a change in the law in regard to arrest was intended to depend upon mere inference. We are of opinion that to justify vacating an order of arrest under the last clause of section 558, it must affirmatively appear by the complaint, that the cause of action is such that in no event could the defendant be arrested within said sections 549 or 550.

We have seen that the cause of action stated in the complaint herein, is such that, under certain circumstances, the defendant might be arrested, and therefore the defendant was not entitled, upon that ground, to have the order of arrest discharged.

The facts contained in the affidavit are sufficient to uphold the order made at Special Term, and the same should be affirmed with costs.

DAVIS, P. J., and BRADY, J., concurred.